**Roberto VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43296.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 20, 1971.

Hardy & Sharpe by Thomas G. Sharpe, Jr., Brownsville, for appellant.

F. T. Graham, Dist. Atty., and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an out-of-time appeal from a conviction for robbery by assault. The punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed at life.

The trial was in 1966. The long history of the post-conviction proceedings will not be set out. In the last petition, filed in the convicting court, it was contended that a confession taken from appellant without a proper warning was introduced against him at the trial where he was previously convicted and also at the trial of the present case. Inadequate representation of counsel was also alleged.

After a hearing, the trial court found that appellant's confession which was taken before the first conviction was not used against him at the present trial; that employed counsel did not give notice of appeal, ask to withdraw from the case, or state that he was not going to appeal; and that appellant did request in writing by letters (the dates are not shown) that he be appointed counsel to appeal the case. The trial court then ordered an out-of-time appeal and appointed counsel.

420

The record on appeal is before us. It shows that the confession complained of was not introduced at this trial. It further shows that a plea of guilty was entered when appellant was previously convicted, and during the present trial, with retained counsel. The prior conviction was stipulated.

The State's testimony reflects that appellant robbed a liquor store, and he was positively identified in court by two women as the robber. When one of the women told him during the robbery that he looked like a kid, he replied that it was not his first job.

Counsel during the trial ably and thoroughly cross-examined the State's witnesses on their identification testimony. He also presented the defense of alibi.

It appears that appellant was represented by able counsel and the contention that he was denied effective assistance of counsel is overruled.

The record does not reflect error.

The judgment is affirmed.